(97 South. 77)
**NOLEN v. STATE.** (8 Div. 542.)

(Supreme Court of Alabama. June 14, 1923.)

**Criminal law ⟐600(3)—Denial of continuance not error, where state required to admit showing of absent witness.**

In a prosecution for murder the denying of a continuance for the absence of a witness for defendant was not error, where the court required the state to admit the showing of such absent witness.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Ed Nolen was convicted of murder in the first degree, and appeals. Affirmed.

See, also, 207 Ala. 663, 93 South. 529.

Wm. L. Chenault and Travis Williams, both of Russellville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

McCLELLAN, J. From a conviction of murder in the first degree, and sentence to life imprisonment, the defendant appeals.

Nolen killed John King by shooting him with a pistol. The homicide took place in a pool room, where King was seated when Nolen entered. According to the state's theory, King and Nolen had been "joking" each other; that Nolen, becoming angry with King, went to a dwelling some distance away, procured a pistol, sought out or found King in the pool room, and shot him without any excuse or justification. The defense asserted was that King had reflected upon the character of Nolen's wife; had threatened Nolen, undertook to provoke him to an altercation, challenged him to fight, and declared he (King) would assail Nolen when occasion was favorable.

The oral charge of the court was full and unobjectionable, and no exception was reserved to it. The record does not contain any given or refused special requests for instruction. The court required the state to admit the showing for the defendant's absent witness Wade, overruling defendant's motion for a continuance on account of the absence of that witness. No error was committed in these respects.

All of the exceptions otherwise taken for defendant attended the admission or rejection of evidence. They have been carefully considered; the conclusion prevailing that no error prejudicial to defendant resulted. A large number of these exceptions arose out of defendant's effort "to go into the details of a former difficulty," between King and Nolen, and also to defendant's proposals to present as evidence previous statements by Nolen that were of a self-serving inadmissible character. The court properly confined the matter of former difficulty to the permissible scope of such inquiries.

No prejudicial error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.